18487

Martha W. SUTCLIFFE, Appellant, v. LANEY BROS, INC., Respondent

(147 S. E. (2d) 689)

*Messrs. Nash & Wilson* and *John W. Chappell,* of Sumter, *for Appellant,*

*Dan F. Laney, Jr., Esq.,* of Bishopville, *for Respondent,*

April 8, 1966.

Bussey, Justice.

This is a declaratory judgment action in which the appellant, Mrs. Sutcliffe, seeks to have the court establish a boundary line between a parcel of land devised to her under the will of Annie B. Wilkinson, and another parcel of land devised under said will to Edith Wilkinson Bell, and afterwards conveyed by Mrs. Bell to the respondent in this action. The primary question involved is the proper construction of the will of Miss Wilkinson. The cause was

referred to the Master of Lee County and his report, construing the will and fixing the said boundary line in accordance with the contentions of the respondent, was confirmed by the circuit court. The appeal is from that order on numerous exceptions.

Miss Wilkinson, the testatrix, died on June 12, 1958, and her will, dated April 20, 1954, was duly admitted to probate in Lee County. The controversy arises out of items 2 and 3 of the will. The pertinent part of item 2 is as follows:

"I give and devise to my niece, Edith Wilkinson Bell, * * * the parcel of land situated on the North side of Gregg Street in Bishopville, S. C., containing approximately one acre."

The pertinent portion of item 3 is as follows:

"I give, devise and bequeath to my niece, Martha Wilkinson Sutcliffe, * * * (a) the parcel of land containing approximately one acre, situated on the South side of East Church Street, in Bishopville, S. C., together with the frame single story house and other buildings located thereon;"

The language of the quoted devises would indicate that the testatrix was seized and possessed of two completely separate parcels of land, one fronting on Gregg Street, and the other on Church Street. To the contrary, however, she was seized and possessed of a single parcel of land containing approximately 2.09 acres, which extended from the northeast side of Gregg Street, rather than the north side thereof, to the southwest side of East Church Street, rather than the south side thereof. Said parcel of land was not divided during the lifetime of the testatrix into two separate parcels by any survey or instrument of record. The controversy arises out of the fact that such parcel of land was not so subdivided.

For the purpose of this appeal, the established facts are as follows. Miss Wilkinson for many years maintained her residence in a house on the northeast portion of said tract

of land facing Church Street. At a point approximately 220 feet from Church Street, a fence was constructed on a line, approximately parallel to Church Street, across the property of the testatrix. The portion of the testatrix's property on the northeastern side of this cross fence, lying between the fence and East Church Street, was used as a residence, and grounds therefor, by the testatrix for many years prior to the execution of the will and subsequently thereto, until the time of her death. All of that portion of her property on the southwestern side of the cross fence, extending from said fence to Gregg Street, was rented out by the testatrix for a number of years prior to the execution of the will and subsequently to such execution until the time of her death, being rented during much of that time by the respondent in this action.

The parcel of land owned by the testatrix between Gregg and Church Streets was at one time larger, by approximately a quarter of an acre, than it was at the time of her will and death. In 1936 Miss Wilkinson conveyed to one Annie R. Heriot a lot of land fronting 60 feet on Church Street and being 220 feet in depth, said lot being adjacent to the portion of the property which was used by Miss Wilkinson as her residence and grounds therefor. In that deed one side boundary of the lot conveyed to Mrs. Heriot was given as the residence lot of the grantor, and the rear boundary of the Heriot lot was referred to as other lands of the grantor. Incidentally, the cross fence, hereinabove mentioned, was a continuation of the rear line of the lot conveyed to Mrs. Heriot.

Briefly stated, the contention of the appellant is that there is no ambiguity in the will of Miss Wilkinson and that the use of the phrase, "approximately one acre", in each devise shows a clear intention on the part of the testatrix to give approximately equal acreage to each of her nieces by said devises. It is further contended that no evidence should have been taken in aid of construction of the will. To the contrary, the respondent's contention is that the will is ambiguous, and

that the intent of the testatrix could not be determined solely from the will; that it was the intent of the testatrix to devise to its predecessor in title, Mrs. Bell, that portion of the testatrix's property lying to the southwest of the fence hereinabove mentioned, which would result in a devise to Mrs. Bell of approximately 1.37 acres, and a devise to Mrs. Sutcliffe of approximately .72 of an acre of land.

Although the facts of the case, and the respective contentions of the parties, are not identical, they are sufficiently similar to the facts and contentions involved in the recent case of *Shelley v. Shelley,* 244 S. C. 598, 137 S. E. (2d) 851, to make that decision and the guiding principles enunciated therein applicable to the instant controversy. We deem it unnecessary to restate these principles verbatim. There is no patent ambiguity in the will under consideration. A reading of the will by anyone unfamiliar with the holdings of the testatrix would clearly indicate that the testatrix owned two completely separate parcels of land, which she devised, one to each of her nieces. There is nothing in the will to suggest that the parcels of land so devised had even a common boundary, let alone that they were carved out of one tract of land which had never been subdivided by a plat or other instrument of record. It becomes quite apparent, however, that when the language of the will is applied to the property involved, a latent ambiguity, equivocation or uncertainty arises as to precisely where the testatrix intended the common boundary to be.

Since the word "approximately" does not denote precision or exactness, the will does not, as contended by the respondent, establish a boundary line between the parcels separately devised. Giving full force and effect to the language applied to each devise, "approximately one acre", a boundary line would still have to be determined either by agreement between the devisees or from evidence, *aliunde* the will, as to the intent of the testatrix with respect to the common boundary line.

There being a latent ambiguity or uncertainty as to precisely where the testatrix intended the boundary line between the separately devised parcels to be, it was, of course, proper for the court to consider material facts and circumstances, known to the testatrix, for the purpose of determining the intention of the testatrix with respect to the boundary line. All of the evidence admitted and considered by the Master and the circuit judge here simply tended to explain testatrix's intention at the time of making her will.

When the will of the testatrix is considered in the light of the facts established by admissible evidence, we are satisfied that the lower court correctly decided that it was the intent of the testatrix that the boundary line between the parcels separately devised to her nieces should be the cross fence hereinabove mentioned. The established facts are that she used and considered her single parcel of land as being actually divided into two separate parcels by the fence, even though such had never been subdivided by a survey, plat or any instrument of record. The language of the will itself indicates that she regarded her land as being divided into two separate parcels in usage, and by an established boundary on the ground, as in each devise she refers to "the parcel of land."

While the testatrix was evidently quite familiar with her property, there is no evidence in the record tending to show that she knew precisely how much acreage she owned lying between the named streets. The fact that the portion of the property lying to the southwest of the fence contained approximately 1.37 acres, while the portion to the northeast thereof contained approximately .72 of an acre was determined after the death of the testatrix. The only language in the will relied upon by the appellant as evidencing an intent on the part of the testatrix to accomplish an approximately equal division of acreage between her two nieces, is the descriptive phrase "approximately one acre" applied to each parcel devised. The will does not refer to a single

parcel of land which is to be divided equally, or share and share alike. The testatrix, of course, was not bound to treat her nieces equally and the will, as well as the evidence, indicates that she did not intend to treat them equally since the parcel devised to appellant was improved with a residence and other buildings thereon, while the parcel devised to Mrs. Bell was vacant. The testatrix also made other provisions for appellant, not made for Mrs. Bell.

Appellant strongly urges that the construction given to the will by the Master and the lower court erroneously treated the descriptive phrase "approximately one acre" as surplusage. We do not think so. Reference to 6 C.J.S. 132 shows that the word "approximately" is considered by the courts generally to be an "elastic, indefinite and relative word." It is given a relatively narrow or broad meaning depending upon the circumstances and issues involved. The testatrix no doubt knew that she owned approximately two acres of land and that, as divided by the fence and usage, one parcel thereof was somewhat larger than the other. In view of the other language of the respective devises, and the evidence as to the attendant circumstances known to the testatrix, we are satisfied that she used the phrase "approximately one acre" in the sense of an estimate merely, and did not intend thereby to indicate any degree of certainty.

We have not endeavored to separately consider all of appellant's numerous exceptions, at least some of which do not properly present issues for decision by this court. We have, however, carefully considered the entire record, as well as all of the arguments of counsel, and conclude that there is no merit in any of appellant's exceptions.

Judgment of the lower court is, accordingly,

Affirmed.

Moss, Acting C. J., Lewis and Brailsford, JJ., and Legge, Acting Associate Justice, concur.